Brian C. Leighton, The Law Firm of Thomas E. Campagne, Fresno, Cal., for plaintiff.

John J. Davis, Jr., McCarthy, Johnson & Miller, San Francisco, Cal., for defendant.

**MATSON PLASTERING COMPANY, INC., a California Corporation, Plaintiff,**

v.

**PLASTERERS AND SHOPHANDS LOCAL NO. 66, O.P. & C.M.I.A., an unincorporated association, Defendant.**

No. C-86-5962-WWS.

United States District Court, N.D. California.

May 8, 1987.

## ORDER

SCHWARZER, District Judge.

Plaintiff Matson Plastering Co. alleges that it was compelled to enter into a collective bargaining agreement as a result of defendant's illegal secondary picketing. Plaintiff brought this action under § 303 of the Labor Management Relations Act, 29 U.S.C. § 187, seeking rescission of the collective bargaining agreement and recovery of "excess" wages paid under the agreement. Plaintiff also seeks damages for contracts plaintiff allegedly did not obtain either because, as a result of the illegal strike, it was a union employer or because after the strike it was perceived by other contractors as having "labor troubles."

These remedies are not available under § 303. Section 303 authorizes the recovery of damages resulting directly from illegal secondary activity such as sales lost while picketing was proceeding, *see Frito Lay, Inc. v. Local Union No. 137, IBEW,* 623 F.2d 1354, 1363 (9th Cir.1980), and overtime pay necessary to the resumption of normal plant operations at the end of an illegal work stoppage, *id.* at 1365 n. 11. Plaintiff cites no case where excess wages paid under a collective bargaining agreement entered into as a result of prohibited activity or the other relief plaintiff seeks have been awarded; the Court is aware of none; and it seems inconceivable that relief so inconsistent with the policies underlying the labor laws would be available.

One court has held that in the absence of proof of compensatory damages, a district court may award nominal damages under § 303. *Iodice v. Calabrese,* 409 F.Supp. 389, 393 (S.D.N.Y.1976). The statute, however, limits recovery to those showing inju-

ry to business or property. Moreover, the Supreme Court has held that punitive damages are not recoverable under § 8(b)(4)(B) because Congress limited recovery to actual, compensatory damages. *Local 20, Teamsters Union v. Morton,* 377 U.S. 252, 260, 84 S.Ct. 1253, 1258–59, 12 L.Ed.2d 280 (1964). Proof of actual damages is therefore a necessary element of any action under § 8(b)(4)(B). Since Matson Plastering has failed as a matter of law to establish recoverable damages, summary judgment in favor of defendant is granted.

IT IS SO ORDERED.